**FILED**
CLERK, U.S. DISTRICT COURT

5/28/2019

CENTRAL DISTRICT OF CALIFORNIA
BY: DD        DEPUTY

LODGED

Peter Strojnik (Sr.),
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone: (602) 524-6602
ps@strojnik.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case No: SACV 19-946- DSF-GJSx

Peter Strojnik (Sr.),

Plaintiff,

vs.

Orangewood LLC. dba DoubleTree Suites by Hilton Hotel Anaheim Resort – Convention Center

Defendant.

**COMPLAINT**

1. **Americans with Disabilities Act**
2. **Discrimination in Public Accommodations (State Law)**
3. **Negligence**

**JURY TRIAL REQUESTED**

1. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

**PARTIES**

2. Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA and DPA.

3. Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer

and renal cancer, degenerative right knee and is therefore a member of a protected class under the ADA and Unruh.

4. Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities. Plaintiff walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

5. Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 2085 S. Harbor Blvd., Anaheim, CA 92802which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

**JURISDICTION**

6. District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

7. Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

8. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

9. Venue is proper pursuant to 28 U.S.C. § 1391.

10. The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

11. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability.

12. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a

plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

### COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

13. Plaintiff realleges all allegations heretofore set forth.

14. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted.

15. Plaintiff intended to visit the Disneyland area and therefore, reviewed hotel booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

16. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein.

17. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

18. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

19. Plaintiff also became aware that the Hotel charges a premium for accessible room:



20. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

21. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

22. Plaintiff thereafter reviewed Defendant's online information relating to accessibility or lack thereof, including in particular photographs of the amenities at the Hotel all as more fully documented in Addendum A.

23. Online information relating to accessibility or lack thereof disclosed architectural barriers to accessibility as more fully documented in Addendum A.

24. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

25. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel.

26. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel but booked a room elsewhere.

27. The removal of accessibility barriers listed above is readily achievable.

28. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A. Relief described in 42 U.S.C. §2000a – 3; and

    B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C. Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

    D. Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E. Equitable nominal damages; and

    F. For costs, expenses and attorney's fees; and

    G. All remedies provided for in 28 C.F.R. 36.501(a) and (b).

## COUNT TWO
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

29. Plaintiff realleges all allegations heretofore set forth.

30. Plaintiff intended to visit the Disneyland area and spend a night there.

31. Plaintiff became aware that 3rd party booking websites disclosed general availability and description of Defendant's Hotel. 3rd Party booking website referenced here is more fully discussed in Addendum A which is by this reference incorporated herein.

32. 3rd party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

33. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

34. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully disclosed in Addendum A.

35. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. Addendum A.

36. Plaintiff subsequently declined to book a room at the Hotel.

37. Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

38. Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

39. Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

40. Pursuant to Cal Civ. Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

41. Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its accommodation into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the Hotel facilities are fully accessible to, and independently usable by, disabled individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the Unruh; and

e. For damages in an amount no less than $4,000.00 per encounter with barrier; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

**COUNT THREE**
**(Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)**

42. Plaintiff realleges all allegations heretofore set forth.

43. Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

44. The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

45. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

46. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

47. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial. Cal. Civ. Code § 54.3.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Unruh; and

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to Unruh which directs Defendant to take all steps necessary to bring its facilities into full compliance with the requirements set forth in the Unruh, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, disabled individuals as required by law, and which further directs that the Court shall retain jurisdiction for a period to be determined after Defendant certifies that its facilities are fully in compliance with the relevant requirements of the Unruh to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law; and

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, the payment of costs of suit; and

d. Order closure of the Defendant's place of public accommodation until Defendant has fully complied with the DPA; and

e. For damages in an amount no less than $1,000.00 per violation per encounter; and

f. For treble damages pursuant to Cal Civ. Code. §3345.

g. The provision of whatever other relief the Court deems just, equitable and appropriate.

### COUNT FOUR
Negligence

48. Plaintiff realleges all allegations heretofore set forth.

49. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

50. Defendant breached this duty.

51. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[1].

52. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

53. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[2].

54. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

55. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria,

---

[1] 42 U.S.C. § 12101(a)(2)
[2] 42 U.S.C. §12101(a)(3)

1    segregation, and relegation to lesser services, programs, activities, benefits, jobs, or

2    other opportunities[3].

3    56. Defendant's knowing and intentional discrimination against Plaintiff reinforces above

4    forms of discrimination, causing Plaintiff damage.

5    57. Census data, national polls, and other studies have documented that people with

6    disabilities, as a group, occupy an inferior status in our society, and are severely

7    disadvantaged socially, vocationally, economically, and educationally[4].

8    58. Defendant's knowing and intentional discrimination has relegated Plaintiff to an

     inferior status in society, causing Plaintiff damage.

9    59. The Nation's proper goals regarding individuals with disabilities are to assure equality

10   of opportunity, full participation, independent living, and economic self-sufficiency

11   for such individuals[5].

12   60. Defendant's knowing, and intentional discrimination has worked counter to our

13   Nation's goals of equality, causing Plaintiff damage.

14   61. Continued existence of unfair and unnecessary discrimination and prejudice denies

15   people with disabilities the opportunity to compete on an equal basis and to pursue

16   those opportunities for which our free society is justifiably famous, and costs the

17   United States billions of dollars in unnecessary expenses resulting from dependency

18   and nonproductivity[6].

19   62. Defendant's knowing and intentional unfair and unnecessary discrimination against

20   Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

21   63. Defendant's breach of duty caused Plaintiff damages including, without limitation,

22   the feeling of segregation, discrimination, relegation to second class citizen status the

23   pain, suffering and emotional damages inherent to discrimination and segregation and

     other damages to be proven at trial.

24   64. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and

25   outrageous conduct.

26

27   [3] 42 U.S.C. §12101(a)(5)
     [4] 42 U.S.C. §12101(a)(6)

28   [5] 42 U.S.C. §12101(a)(7)
     [6] 42 U.S.C. §12101(a)(8)

65. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

66. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

67. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in an amount to be proven at trial; and

    C. For punitive damages to be proven at trial; and

    D. For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this _____

**PETER STROJNIK**

_____
Plaintiff

## ADDENDUM A

## 3RD PARTY BOOKING WEBSITE – GENERAL ACCESSIBILITY INFORMATION

## HOTELS.COM

**About DoubleTree Suites by Hilton Anaheim Resort - Conv Cntr, Anaheim**



**Key facts**

Hotel size
- This hotel has 251 rooms
- This hotel is arranged over 7 floors

Arriving/leaving
- 92% of customers were happy with check-in
- Check-in time 4 PM-2 AM
- Check-out time 11 AM
- Express check-in/out

Required at check-in
- Credit card or cash deposit required
- Government-issued photo ID required

**In the hotel**

| | |
|---|---|
| Food and drink | Buffet breakfast daily (surcharge) | Restaurant | Bar/lounge | Coffee shop/cafe | Room service (during limited hours) |
| Things to do | Outdoor pool | Fitness facilities | Spa tub | Golfing nearby | Arcade/game room |
| Working away | 24-hour business center | Conference space | Meeting rooms | Conference space size (feet)–7500 | Conference space size (meters)–697 |
| Services | 24-hour front desk | Concierge services | Dry cleaning/laundry service | Laundry facilities | Free newspapers in lobby | Luggage storage | Wedding services | Multilingual staff | Porter/bellhop |
| Facilities | Year Built 2006 | Elevator/lift | ATM/banking | Safe-deposit box at front desk |
| Accessibility | Accessible bathroom | In-room accessibility | Roll-in shower |
| Languages Spoken | English | Filipino | Spanish |

| In the room | |
| --- | --- |
| Home comforts | In-room climate control (air conditioning)  |  Air conditioning  |  Coffee/tea maker |
| Sleep well | Blackout drapes/curtains  |  Sofa bed  |  Premium bedding |
| Freshen up | Private bathroom  |  Shower/tub combination  |  Free toiletries  |  Hair dryer |
| Be entertained | Pay movies  |  Premium TV channels  |  Video game console |
| Stay connected | Desk  |  Free weekday newspaper  |  Free WiFi  |  Phone |
| Food and drink | Refrigerator  |  Microwave |
| More | Daily housekeeping  |  In-room safe (laptop compatible)  |  Connecting/adjoining rooms available |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**3ʳᵈ PARTY BOOKING WEBSITE – ROOM DESCRIPTIONS**



City view

Standard King Non Smoking

Sleeps 2 people (including up to 1 child)

Bed choices
• 1 King Bed

Extra beds available
• Sofa bed
• Crib
• Rollaway bed

More Info 855-239-9478



Standard 2 Queen beds

Sleeps 4 people (including up to 3 children)

Bed choices
• 2 Queen Beds

Extra beds available
• Sofa bed
• Crib
• Rollaway bed

More Info 855-239-9478



City view

1 Bedroom 2 Queen Suite

Sleeps 6 people (including up to 5 children)

Bed choices
• 2 Queen Beds and 1 Double Sofa Bed

Extra beds available
• Sofa bed
• Crib
• Rollaway bed

More Info 855-239-9478

| Suite, 2 Queen Beds, Pool View<br><br>**Sleeps 6 people** (including up to 5 children)<br><br>**Bed choices**<br>• 2 Queen Beds<br><br>**Extra beds available**<br>• Sofa bed<br>• Crib<br>• Rollaway bed<br><br>More Info 855-239-9478 | <br>**1 Bedroom King Suite**<br><br>**Sleeps 4 people** (including up to 3 children)<br>**Bed choices**<br>• 1 King Bed and 1 Double Sofa Bed<br>**Extra beds available**<br>• Sofa bed<br>• Crib<br>• Rollaway bed<br><br>More Info: 855-239-9478 | One King Bed, Non-Smoking, Accessible<br><br>**Sleeps 4 people** (including up to 3 children)<br>**Bed choices**<br>• 1 King Bed<br>**Extra beds available**<br>• Sofa bed<br>• Crib<br>• Rollaway bed<br><br>More Info: 855-239-9478 |
|---|---|---|
| Suite, Accessible, Non Smoking<br><br>**Sleeps 4 people** (including up to 3 children)<br><br>**Bed choices**<br>• 1 King Bed<br><br>**Extra beds available**<br>• Sofa bed<br>• Crib<br>• Rollaway bed<br><br>More Info: 855-239-9478 | | |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. There is insufficient dispersion of accessible rooms among various categories of rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

City view

Standard King Non Smoking

Sleeps 2 people (including up to 1 child)

Bed choices
- 1 King Bed

Extra beds available
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-230-9478

Show room information

| | | | |
|---|---|---|---|
| Non-refundable | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $120 4 left on our site |
| Free Wi-Fi | | | |
| Breakfast available, pay at the property | | | |
| Free cancellation | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $128 a left on our site |
| Free Wi-Fi | | | |
| Breakfast available, pay at the property | | | |
| Free cancellation | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $133 4 left on our site |
| Free Wi-Fi | | | |
| Breakfast available, pay at the property | | | |
| Non-refundable | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $153 4 left on our site |
| Free Wi-Fi | | | |
| Breakfast for two | | | |

City view

One King Bed, Non-Smoking, Accessible

Sleeps 4 people (including up to 3 children)

Bed choices
- 1 King Bed

Extra beds available
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-230-9478

Show room information

| | | | |
|---|---|---|---|
| Non-refundable | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $176 5 left on our site |
| Free Wi-Fi | | | |
| Breakfast available, pay at the property | | | |
| Free cancellation | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $187 5 left on our site |
| Free Wi-Fi | | | |
| Breakfast available, pay at the property | | | |
| Free cancellation | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $195 5 left on our site |
| Free Wi-Fi | | | |
| Breakfast available, pay at the property | | | |
| Non-refundable | Hotels.com® Rewards ✓ Collect ✓ Redeem | | $215 1 left on our site |
| Free Wi-Fi | | | |
| Breakfast for 2 people | | | |

**Identification of Specific Barrier in Plain Language:** Hotel charges premium for accessibe room.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1ST PARTY BOOKING WEBSITE - GENERAL ACCESSIBILITY INFORMATION

https://www.guestreservations.com/doubletree-suites-by-hilton-anaheim-ca/booking?gclid=CjwKCAjw96fkBRA2EiwAKZjFTYHuhCkIdCZFT6NYdUXEHO_le4uGGTEQ1XNIIX1WFxmxNczHNSFWrxoCVO0QAvD_BwE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DOUBLETREE SUITES BY HILTON ANAHEIM RESORT

### Property Location

With a stay at DoubleTree Suites by Hilton Anaheim Rsrt – Conv Cntr in Anaheim (Anaheim Resort), you'll be convenient to Anaheim Convention Center and **Disney California Adventure**® Park. This hotel is within close proximity of **Downtown Disney**® District and **Disneyland**®.

### Rooms

Make yourself at home in one of the 251 air-conditioned rooms featuring refrigerators and microwaves. Wired and wireless Internet access is complimentary, while video-game consoles and premium TV channels are also offered to provide entertainment. Partially open bathrooms with shower/tub combinations feature complimentary toiletries and hair dryers. Conveniences include safes and desks, and housekeeping is provided daily.

### Amenities

Enjoy a range of recreational amenities, including an outdoor pool, a spa tub, and a fitness center. Additional amenities at this hotel include complimentary wireless Internet access, concierge services, and an arcade/game room.

### Dining

Enjoy a meal at a restaurant or in a coffee shop/café. Or stay in and take advantage of the hotel's room service (during limited hours). Quench your thirst with your favorite drink at a bar/lounge. Buffet breakfasts are available daily from 6 AM to 10:30 AM for a fee.

### Business, Other Amenities

Featured amenities include complimentary wired Internet access, a 24-hour business center, and express check-in. Planning an event in Anaheim? This hotel has 7500 square feet (697 square meters) of space consisting of conference space and meeting rooms. Self parking (subject to charges) is available onsite.

Here's what else you can look forward to:

**Property Location**
With a stay at DoubleTree Suites by Hilton Anaheim Rsrt - Conv Cntr in Anaheim (Anaheim Resort), you'll be convenient to Anaheim Convention Center and **Disney California Adventure** Park. This hotel is within close proximity of **Downtown Disney®** District and **Disneyland®**.

**Rooms**
Make yourself at home in one of the 251 air-conditioned rooms featuring refrigerators and microwaves. Wired and wireless Internet access is complimentary, while video-game consoles and premium TV channels are also offered to provide entertainment. Partially open bathrooms with shower/tub combinations feature complimentary toiletries and hair dryers. Conveniences include safes and desks, and housekeeping is provided daily.

**Amenities**
Enjoy a range of recreational amenities, including an outdoor pool, a spa tub, and a fitness center. Additional amenities at this hotel include complimentary wireless Internet access, concierge services, and an arcade/game room.

**Dining**
Enjoy a meal at a restaurant or in a coffee shop/café. Or stay in and take advantage of the hotel's room service (during limited hours). Quench your thirst with your favorite drink at a bar/lounge. Buffet breakfasts are available daily from 6 AM to 10:30 AM for a fee.

**Business, Other Amenities**
Featured amenities include complimentary wired Internet access, a 24-hour business center, and express check-in. Planning an event in Anaheim? This hotel has 7500 square feet (697 square meters) of space consisting of conference space and meeting rooms. Self parking (subject to charges) is available onsite.

**Amenities**

- ☑ 24 hour front desk
- ☑ Fitness Center
- ☑ Gift Shop
- ☑ Jacuzzi or Spa
- ☑ Concierge
- ☑ ATM Machine
- ☑ Game Room
- ☑ Parking - Self
- ☑ Dry cleaning service
- ☑ Laundry
- ☑ Business Center
- ☑ Lounge/Bar

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**PERSONAL BARRIER ECOUNTERS**



Identification



**Identification of Specific Barrier in Plain Language:** No marked passenger drop off zone.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



| |
|---|
| **Identification of Specific Barrier in Plain Language:** Accessible parking not closest to entry. |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. |



**Identification of Specific Barrier in Plain Language:** Inaccessible concierge counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Improperly configured check in counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** More than 5 lbs to open.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** More than 5 lbs to open.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18  **Identification of Specific Barrier in Plain Language:** Less than 5 s to close.
19  **The manner in which the barriers denied Plaintiff full and equal use or access, and**
    **which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal
20  access by failing to identify and describe accessible features in the hotel and guest rooms
    in enough detail to reasonably permit Plaintiff to assess independently whether the hotel
21  or guest room meets his accessibility needs.
22  **The dates on each particular occasion on which Plaintiff encountered such barrier**
    **and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible lobby bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20 **Identification of Specific Barrier in Plain Language:** Inaccessible gift shop counter.
21 **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.
22
23
**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20  **Identification of Specific Barrier in Plain Language:** Inaccessible gift shop isles.

21  **The manner in which the barriers denied Plaintiff full and equal use or access, and
which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal
access by failing to identify and describe accessible features in the hotel and guest rooms

22  in enough detail to reasonably permit Plaintiff to assess independently whether the hotel
or guest room meets his accessibility needs.

23  **The dates on each particular occasion on which Plaintiff encountered such barrier
and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

24

25

26  **END**

27

28

PRESS FIRMLY TO SEAL

PRESS FIRML\



PRI(
★ M

Peter Strojnik
2375 E. Camelback Road, Ste 600
Phoenix, Arizona 85016

DATE O

USPS TI

INSURA

PICKUP

* Domest

WHEN USED INT'L
A CUSTOMS D
LABEL MAY BE



U.S. POSTAGE PAID

ZIP 85028 $ 000.00
0001394369MAY 15 2





RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 17 2019

CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION    BY DEPUTY

USPS TRACKING #

9114 9023 0722 4391 8868 41

UNITED STATES
POSTAL SERVICE®

Label 400 Jan. 2013
7690-16-000-7848

14F July 2013
l: 12.5 x 9.5

United States District Court Clerk's Office
Central District of California-Southern division
411 West 4th Street Room 1053
Santa Ana, CA 92701

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE



UNITED STATES
POSTAL SERVIC





TRACKED
INSURED*

PRIORITY®
★ MAIL ★

LAT RATE ENVELOPE
NE RATE ★ ANY WEIGHT*



UNITED STATES
POSTAL SERVICE®

EP14F July 2013
OD: 12.5 x 9.5

P S 0 0 0 0 1 0 0 0 0 1 4

omestic only.    * For international shipments, the maximum weight is 4 lbs.