Philip H. Stillman, Esq. SBN# 152861
STILLMAN & ASSOCIATES
3015 North Bay Road, Suite B
Miami Beach, Florida 33140
Tel. and Fax:  (888) 235-4279
pstillman@stillmanassociates.com

Attorneys for defendant ORANGEWOOD, LLC.

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                    Plaintiff,<br>          vs.<br><br>ORANGEWOOD, LLC DBA DOUBLE TREE SUITES BY HILTON HOTEL ANAHEIM RESORT - CONVENTION CENTER<br><br>                    Defendant. | Case No. 8:19-cv-00946-DSF-GJSx<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (6)**<br><br>Date:  October 21, 2019<br>Courtroom: 7D<br>Time: 1:30 p.m.<br><br>Hon. Dale S. Fischer<br><br>Complaint filed: May 29, 2019 |

## INTRODUCTION

Mr. Strojnik, who has a documented history of bad faith ADA filings as documented by the Arizona State Bar, which has resulted in his disbarment by the Arizona State Bar, either misunderstands or misses entirely Defendant's arguments regarding his lack of standing to bring a claim pursuant to the Americans with Disabilities Act ("ADA") or the California Unruh Act.

First, his amended Complaint fares no better than his Complaint, in that he does not explain how visiting a website, without more, caused him any "injury in fact." Althoughg Strojnik apparently has tried to flesh out his First Amended Complaint with a number of (mis)statements in his Opposition, that must fail as (1) the claims made in his Opposition are not alleged in the FAC and (2) are inadequate in any event. He does not claim in the FAC, for example, that he called the hotel, or how, other than visiting the hotel's website, he experienced *any barriers* to his *staying* at the hotel.

Second, Strojnik's claims regarding his inability to determine accessibility features of a hotel were recently dismissed with prejudice in *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525, at *17-19 (D. Haw. Aug. 26, 2019). In that case, the court rejected Strojnik's contention – also made here in his Opposition – that insufficient information on a website constituted an actionable ADA violation that actually denied him equal access to the hotel property. Germane to his claims here, the Court held, "the facts alleged in support of Plaintiff's ADA claim relate to his inability to obtain *facts about the Property*, not the goods and services" provided at the defendant's hotel. *Id.* Moreover, rejecting the claims that he makes in his Opposition, p. 10 (numbered "23" for some reason, although not alleged in the FAC), the court further held that "Plaintiff fails to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation." *Id*.

Accordingly, Strojnik failed to allege an actionable violation of the ADA because "there is a critical distinction 'between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a

physical location,' the former being "insufficient to state a claim." *Id.*

Third, despite this Court's dismissal on the ground, among others, that he has not tied any specific disability to any specific architectural barrier that he allegedly experienced at the Doubletree Hotel, the FAC is similarly devoid of how any alleged "barrier" was a barrier to him. Judge Birrote dismissed Strojnik's complaint against the Pasadena Hilton on August 14 on exactly those grounds, finding as a matter of law that Stojnik failed to tie any disability to the claimed "barriers" listed on the ubiquitoous "Addendum A" to that complaint, and that Strojnik's claimed "intent to return" and deterrence" were insufficient. *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx)(C.D.Cal. Aug. 14, 2019)(dismissing complaint with prejudice).

Fourth, although Strojnik has tried to beef up his allegations regarding his intent to return, more specific allegations than his vague allegations of an "intent to return" to the hotel have been deemed insufficient to establish standing pursuant to the ADA by this Court and by Judge Birotte in *Pasadena Robles Acquisition.*

Although Defendant will again address in the inadequacy of Strojnik's state law claims below, the Court need no delay long on the issue of Strojnik's state law claims. Under circumstances identical to those in this case, Judge Anderson declined to exercise supplemental jurisdiction regardless of the viability of Strojnik's state law claims in *Strojnik v. Urban Commons Cordova, LLC,* Case No. 19-cv-02078-PA (SSx) (C.D.Cal. Aug. 20, 2019)[1]; *see also*, *Perri v. Equity One Culver City LLC*, 19-5544-PA (GJSx) (C.D.Cal. Aug. 29, 2019)(declining to exercise supplemental jurisdiction over another prolific ADA litigant's state law Unruh Act claim). In another *Strojnik* case in this District, *Strojnik v. Four Sisters Inns, Inc.*, Case No. 19-cv-02991-ODW-JEM, Judge Wright issued an OSC re Supplemental Jurisdiction, which has been fully briefed by the parties and is under submission.

Accordingly, because Strojnik lacks standing to assert his ADA claim and his state

---

[1] Urbans Commons Cordova, LLC does business as the Sheraton Pasadena Hotel.

law claims should be dismissed with prejudice for failing to state a claim or at a minimum, because this Court should decline supplemental jurisdiction, this Court should dismiss the Complaint in its entirety.

## I.

## **STROJNIK HAS NOT ESTABLISHED STANDING UNDER THE ADA**

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit. *Chapman v. Pier 1 Imports, Inc.,* 631 F.3d 939, 946 (9th Cir. 2011). A plaintiff must show (1) he has suffered an "injury in fact," (2) a causal connection between the injury complained of and the challenged action, and (3) that the injury can be redressed by a favorable decision. See *Friends of the Earth, Inc. v. Laidlaw Environmental Servs., Inc.*, 528 U.S. 167, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).

To show standing under the ADA, a plaintiff must demonstrate that he has suffered an "injury-in-fact coupled with an intent to return to a noncompliant facility," or alternatively "deterrence from returning to the premises." *Chapman*, 631 F.3d at 946. Plaintiff has the burden of establishing the existence of these three elements, and must clearly allege facts demonstrating each element. *Id*. Since injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "'real and immediate threat of repeated injury'" to establish an injury-in-fact for purposes of standing. *Chapman*, 631 F.3d at 946.

The Supreme Court has repeatedly reiterated that allegations of possible future injury are insufficient to confer standing. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013). Likewise, "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016). *See also, Carroll v. Roanoke Valley Cmty. Credit Union*, No. 7:17cv00469, 2018 U.S. Dist. LEXIS 98284, at *5-6 (W.D. Va. June 11, 2018)(website "deterrence"insufficient).

With these principles in mind, Strojnik has neither adequately alleged a concrete, particularized injury in fact or a causal connection between his alleged "injury," and the alleged website information.

A.   <u>Strojnik Has Inadequately Pled An Injury In Fact.</u>

The "injury in fact" element is met when a disabled plaintiff has *personally* encountered a barrier violating the ADA, based on his specific disability. *Chapman*, 631 F.3d at 947 (citing *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 (9th Cir. 2008)). In the FAC, Strojnik alleges three alleged injuries: (1) that he went to "third party" and "first party" websites and was unable to determine from those sources all of the detailed accessibility information that he claimed to require, FAC, ¶36-37; (2) that the Doubletree charges a premium solely because the room is ADA-accessible; and (3) that when he physically went to the hotel, he personally observed purported (but unidentified) violations of the ADA, FAC, ¶ 38. That is plainly inadequate.

1.   **Strojnik's Website-based Claims Do Not Establish An Injury in Fact.**

This Court need only review *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525 (D.Haw. August 26, 2019), adopted by, dismissed by *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 164614 (D. Haw., Sept. 25, 2019) to determine that his claims regarding insufficient information on websites is not an injury in fact. In that case, Strojnik claimed in a complaint virtually identical to the one in ths case, that "the Website failed, however, to identify and describe mobility-related accessibility features and guest rooms with enough detail to reasonably permit Plaintiff to independently assess whether the Property met his accessibility needs." *Id.* However, "Plaintiff fails to cite to any legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation." *Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525, at *17-19 (D. Haw. Aug. 26, 2019).

Plaintiff's contention has also been rejected by the U.S. Department of Justice. The DOJ is the agency charged with enforcing Title III and promulgating regulations implementing it. *United States v. AMC Entm't, Inc.*, 245 F.Supp.2d 1094, 1100 (C.D. Cal.

2003). DOJ "recognizes that a reservations system is not intended to be an accessibility survey. . . ." Appendix A to Part 36—Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities, https://www.ada.gov/regs2010/titleIII_2010/titleIII_2010_regulations.htm#a302.

Furthermore, the DOJ has stated that "covered entities with inaccessible Web sites may comply with the ADA's requirement for access by providing an accessible alternative, such as a staffed telephone line, for individuals to access the information, goods, and services of their Web site." Nondiscrimination on the Basis of Disability, 75 Fed. Reg. at 43466. *Gorecki v. Dave & Buster's, Inc.*, 2017 U.S. Dist. LEXIS 187208, at *14 (C.D. Cal. Oct. 10, 2017); *see also,* https://www.ada.gov/websites2.htm ("An agency with an inaccessible website may also meet its legal obligations by providing an alternative accessible way for citizens to use the programs or services, such as a staffed telephone information line.").

Since Plaintiff does not allege that he made any effort to avail himself of the Defendant's 24/7 telephone line to obtain whatever specialized information unique to his needs, Plaintiff neither has standing nor does he state a claim under the Unruh Act.

As argued in the Motion, the Doubletree's website is *not* a place of public accommodation. "[T]here is a critical distinction between an inability to use a website to gain information about a physical location and an inability to use a website that impedes access to enjoy a physical location,' the former being 'insufficient to state a claim.'" *Kapalua Land Co.*, citing *Price v. Everglades Coll., Inc.*, 2018 U.S. Dist. LEXIS 117629 at *2 (M.D. Fla. July 16, 2018).

2.  **Strojnik's Claim That The Hotel Charges More For An ADA-Accessible Room Is Both False And Irrelevant.**

Strojnik contends that the Hotel charges a surcharge for an ADA-accessible room. That is simply false, as the general manager of the Hotel has testified in his Declaration. Moreover, 28 CFR § 36.301(c) – the regulation on which Strojnik relies – does not prohibit charging different prices for different rooms. That section only prohibits

> a surcharge *on a particular individual with a disability* or *any group of individuals with disabilities* to cover the *costs of measures*, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act . . .

(Emphasis added). There is no claim that the Hotel was attempting to surcharge Strojnik *to cover the cost of remediation*. Instead, all Strojnik offers are screenshots of two rooms with differing prices from *Hotels.com*, i.e., not even the Hotel's website. As the *Kapalua Land Co.* court held, and which is collateral estoppel on Strojnik, that he cannot base claims on third party reservations websites, specifically, "hotels.com." The Court stated:

> unlike hotel operators that provide websites that directly connect customers to its physical facility, hotels.com is a third-party entity that connects customers to numerous independent and major chain hotels and properties worldwide. https://www.hotels.com/hotel-deals/about-us/ . Even assuming hotels.com has a physical place in connection with its website, the facts alleged in support of Plaintiff's ADA claim relate to his inability to obtain facts about the Property, not the goods and services provided at hotels.com's physical place.

*Strojnik v. Kapalua Land Co.*, 2019 U.S. Dist. LEXIS 165525, at *17-18 (D. Haw. Aug. 26, 2019). Thus, since Hotels.com was merely a third party booking website, "the Court thus concludes that the Website is not a place of "public accommodation" within the meaning of § 12182(a) as defined by the Ninth Circuit. *Id.* citing *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).

This particular claim is defective for another reason: Strojnik did not even attempt to reserve a room at the Hotel and instead, stayed at the Anaheim Marriott (which he apparently also sued in *Strojnik v. Khanna Enterprises, Ltd.,* C.D.Cal. Case No. 19-cv-01045-JVS-DFM). Thus, he cannot have experienced any injury at all because he did not even go to the Hotel's website.

3. **Strojnik's Strolling Around The Hotel Looking For ADA Violations Is Not A Barrier.**

Stojnik's third alleged claim is that despite having a reservation at another hotel and staying there, he still experienced some unnamed barriers to his enjoyment of the hotel facilities where he was not even staying. His Complaint was devoid of any factual

allegations on how he experienced any barriers in person and his FAC has no such facts either. Rather, Strojnik still relies on the Addendum A, which one court has already ruled consists merely of legal conclusions. *See Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx) (C.D.Cal. August 14, 2019), p. 4, n. 1. However, the FAC fails to identify even one barrier that relates any purported "disability." Although Strojnik tries to identify "barriers" that he experienced while strolling around the Hotel in his Opposition to the Motion to Dismiss at p. 10, he once again lists them but does not explain how the alleged barriers relate to *him*.

For example, in his Opposition, Strojnik claims that one of the so-called "barriers" is the lack of "accessible gift shop aisles." Opposition, p. 11 (numbered paragraph 24(I)). However, even assuming that the aisles were non-compliant, which is specifically denied, Strojnik is not in a wheelchair and thus, even if the aisles were too narrow, the aisles are not a barrier to *him*. Similarly, in the FAC, Strojnik claims to have extensively traveled throughout California from January through July 2019. However, he cannot make any claims related to disabled parking as he does not possess a Temporary Disabled Placard from the California Dept. of Motor Vehicles, Vehicle Code § 22511.59(c)(governing issuance of temporary placards to nonresidents traveling in California.

Finally, there is a reason why, despite this Court's Order dismissing the Complaint on these very grounds, that Strojnik does not explain how the alleged "strolling around" barriers relate to his disability– his alleged disability is a ruse. In addition to the links to video of Strojnik walking without any hint of impediment from his laundry list of medical problems, Defendant has obtained a video of Strojnik checking into the Bakersfield Marriott (whom he also sued) on June 5, 2019.[2] The video clearly shows Strojnik strolling unhindered to the front desk pulling a large suitcase and with a large shoulder suitcase

---

[2] This date is particularly significant because Strojnik claims in his Opposition to have had a knee replacement only 10 days later, so one would assume that if ever, he would have required some sort of assistance only days before the surgery.

1 slung over his shoulder.  No reasonable person viewing that video would conclude that he
2 has any alleged "mobility" impairments that would conceivably permit him to claim that
3 barriers to a wheelchair-bound person are also barriers to him.  The Court can view this
4 short surveillance video at https://1drv.ms/u/s!Aj5TPoTRMclCakrZC1kcXnrU1rc.

5       Accordingly, because Strojnik has yet again failed to tie any specific disability to a
6 barrier in the FAC, he has failed to adequately plead an injury in fact.

7 B.     Strojnik Has Not Pled A Cognizable "Intent to Return."

8       It is not enough to establish an injury in fact.  Strojnik must also plead an intent to
9 return. *Chapman*, 631 F.3d at 946. The closest that Strojnik gets to pleading an intent to
10 return is at the FAC, ¶ 29, where he alleges that "Plaintiff has a definite plan to return to the
11 Disneyland area and intends to stay at Defendant's Hotel once the Hotel confirms its ADA
12 compliance (futility)." Putting aside the implausible contention that Strojnik intends to stay
13 at each and every one of the 109 "places of public accommodation" that he has sued in the
14 past two years, Judge Birotte rejected the identical language as insufficient to establish
15 standing:

16     Plaintiff also does not offer a definite plan to return to Defendant's hotel.
    Plaintiff merely states, "Plaintiff intends to visit Defendant's Hotel at a
17     specific time when the Defendant's noncompliant Hotel becomes fully
    compliant with ADAAG." Compl. ¶ 12. Like in Lujan, this is a general intent
18     to return without more and is simply Plaintiff saying that he will "some day"
    return to Defendant's hotel. Such statements are not enough to confer standing.
19
*Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB
20
(PJWx)(C.D.Cal. Aug. 14, 2019).[3]
21
C.     Strojnik Has Not Pled "Deterrence."
22
      A plaintiff's claimed deterrence cannot be merely "conjectural or hypothetical."
23

24
   [3] Strojnik contends that the *Pasaadena Robles* decision is not a final judgment
25 entitled to collateral estoppel effect because he has appealed. Opposition, p. 21-22.
However, "the law is well settled that the pendency of an appeal has no affect [sic] on the
26 finality or binding effect of a trial court's holding."
27 *Cave Consulting Grp., Inc. v. OptumInsight, Inc.*, 2016 U.S. Dist. LEXIS 54367, at *20 n.8
28 (N.D. Cal. Apr. 22, 2016).

*Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 2:19-CV-02067-AB (PJWx)(C.D.Cal. Aug. 14, 2019) citing *Vogel v. Salazar*, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014). A plaintiff must allege facts to show that he "would return to the establishment if the establishment were compliant with the ADA." *Id.* Both *Pasadena Robles Acquisition* and *Vogel* analyze the same language that Strojnik uses in the FAC, which is apparently his stock in trade. For the same reasons that Judge Birotte held that Strojnik failed to allege deterrence in *Pasadena Robles Acquisition*, Strojnik's meager attempt to plead deterrence in the FAC is insufficient to carry his burden of proof.

## II.

## ALL OF STROJNIK'S STATE LAW CLAIMS SHOULD BE DISMISSED

Strojnik makes no argument regarding the validity of his state law claims. Accordingly, the Hotel will rely on its briefing already before the Court regarding the sufficiency of the state law claims and whether Strojnik has standing to assert an Unruh Act claim.

However, if the Court is not inclined to dismiss the state claims with prejudice, this Court should decline to exercise supplemental jurisdiction over Strojnik's state law claims as set forth in Judge Anderson's decision against Strojnik on the identical Unruh Act, DPA and Negligence causes of action in *Strojnik v. Urban Commons Cordova, LLC*, Case No. 19-cv-02078-PA (SSx) (C.D.Cal. Aug. 20, 2019). Not only is Judge Anderson's comprehensive analysis of supplemental jurisdiction compelling, but given that the claims asserted in this case are identical to those asserted in *Urban Commons Cordova, LLC*, this Court should apply that same reasoning to this case and decline to exercise supplemental jurisdiction.

# CONCLUSION

For the foregoing reasons, defendant Orangewood, LLC respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice.

Respectfully Submitted,

STILLMAN & ASSOCIATES

Dated: October 7, 2019

By: _____
Philip H. Stillman, Esq.
Attorneys for defendant ORANGEWOOD, LLC

# PROOF OF SERVICE

I, the undersigned, certify under penalty of perjury that on October 7, 2019 or as soon as possible thereafter, copies of the foregoing Reply in Support of Motion to Dismiss was served electronically by the Court's ECF notice to all persons/entities requesting special notice or otherwise entitled to the same and via email listed for Plaintiff.

By: /s/ *Philip H. Stillman*

Attorneys for ORANGEWOOD, LLC