# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br>    Plaintiff,<br><br>        v.<br><br>ORANGEWOOD LLC d/b/a DOUBLETREE SUITES BY HILTON ANAHEIM RESORT CONVENTION CENTER,<br>    Defendant. | CV 19-00946-DSF-(JCx)<br><br>Order GRANTING Defendant's Motion to Dismiss (Dkt. 27) |

Defendant Orangewood LLC, d/b/a DoubleTree Suites by Hilton Anaheim Resort Convention Center, moves to dismiss Plaintiff Peter Strojnik's Complaint in its entirety. Dkt. 27 (Mot.). Plaintiff opposes the Motion. Dkt. 28 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

## I. Factual and Procedural Background

Plaintiff, appearing *pro se*, is a resident of Maricopa County, Arizona. Dkt. 19 (First Am. Compl. (FAC)) ¶ 3. Plaintiff alleges that he has severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer, and renal cancer, and a degenerative right knee. Id. Plaintiff's physical impairments substantially limit his major life activities. Id. ¶ 5. Plaintiff walks with difficulty and pain and requires mobility

accessible features. Id. At lodging facilities, Plaintiff requires ADA compliance "particularly applicable to his mobility, both ambulatory and wheelchair assisted." Id. ¶ 21.

Defendant owns, operates, or leases a lodging facility located at 2085 S. Harbor Blvd., Anaheim, California, 92802 (the DoubleTree Hotel). Id. ¶ 4. Plaintiff has visited the Disneyland area at least 20 times, and believes that he has stayed at the DoubleTree Hotel several times. Id. ¶¶ 27-28. Plaintiff alleges that he intended to visit the Disneyland area in mid-March and prefers to stay at Hilton properties because he and Mrs. Strojnik are members of their rewards program. Id. at ¶¶ 22-23.

Prior to his anticipated trip, Plaintiff visited third-party hotel booking websites (Third-Party Websites) and Defendant's website (DoubleTree Website). Id. ¶¶ 31, 36. Plaintiff alleges that the Third-Party Websites disclosed general availability and a description of the DoubleTree Hotel, but both the Third-Party Websites and the DoubleTree Website "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservation service in enough detail to reasonably permit Plaintiff to assess independently whether [the DoubleTree Hotel] [met] his accessibility needs." Id. ¶¶ 32-33, 36. Plaintiff also alleges that the DoubleTree Hotel charges a premium for accessible rooms, and that both the DoubleTree Website and Third-Party Websites failed to make reservations for accessible guest rooms in the same manner as guest rooms without accessibility features. Id. ¶¶ 34-35, 37.

Plaintiff visited the DoubleTree Hotel on or about March 14 or 15, 2019, and encountered architectural barriers to accessibility that were not noted online that interfered with his full and equal enjoyment of the facility on account of his disabilities, including no marked passenger drop off zone, accessible parking not closest to entry, inaccessible concierge counter, inaccessible lobby bar,

2

inaccessible gift shop counter and aisles, improperly configured check in counter, doors weighing more than five pounds to open, and doors taking less than five seconds to close. Id. ¶ 38 & Addendum A at 23-34.[1] As a result of the above, Plaintiff declined to book a room at the DoubleTree Hotel, and stayed at a nearby Marriott. Id. ¶ 42. Plaintiff is deterred from patronizing the DoubleTree Hotel as a result of these barriers. See id. ¶ 18. Plaintiff intends to visit the DoubleTree Hotel at a "specific time" when Defendant's alleged ADA violations are remedied. Id. ¶ 19.

Plaintiff filed a complaint on May 28, 2019. Dkt. 2 (Compl). On August 8, 2019, the Court dismissed Plaintiff's complaint with leave to amend. Dkt. 18. On August 28, 2019, Plaintiff filed the FAC.

## II. Legal Standard

The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) jurisdictional challenge can be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge, the moving party

---

[1] As Defendant points out, the original complaint alleges that the photos from Addendum A were available online, Compl. ¶¶ 22-23, while the FAC claims that Plaintiff personally visited the DoubleTree Hotel and the barriers depicted in Addendum A were "not noted online, but in person," FAC ¶ 38. However, in the Ninth Circuit, even if "two pleadings [a]re irreconcilably at odds with each other, this would not, by itself, establish that the later pleading is a sham." PAE Gov't Servs., Inc. v. MPRI, Inc., 514 F.3d 856, 858 (9th Cir. 2007). The mechanism for challenging irreconcilable pleadings is Rule 11, not Rule 12. Id. at 860.

asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction. Id. "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint." Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004). The court accepts the allegations in the complaint as true, and the plaintiff need not present evidence outside the pleadings. Id.

A factual jurisdictional challenge occurs when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air, 373 F.3d at 1039. Where the moving party makes a factual challenge by presenting affidavits or other evidence, "the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Wolfe, 392 F.3d at 362 (quoting Safe Air, 373 F.3d at 1039). In resolving the jurisdictional issue, the court does not accept the allegations in the complaint as true. Safe Air, 373 F.3d at 1039. "[The court] may hear evidence and make findings of fact necessary to rule on the subject matter jurisdiction question prior to trial," Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987), and it may resolve the merits of the jurisdictional issue even though material facts in the case are disputed, Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

4

"Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557) (alteration in original) (citation omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively . . . and factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (citation omitted) (quoting Fed. R. Civ. P. 8(a)(2)).

### III.  Discussion

### A.  Americans with Disabilities Act (First Cause of Action)

Defendant moves to dismiss Plaintiff's First Cause of Action under the Americans with Disabilities Act (ADA) on the grounds that Plaintiff lacks Article III standing.

As the party invoking jurisdiction, Plaintiff bears the burden of pleading standing. Lujan v. Defenders of Wildlife, 504 U.S. 555,

561 (1992). For Plaintiff to allege Article III standing, he must sufficiently plead an (i) injury-in-fact, (ii) that is causally connected to the Defendant, and (iii) likely to be redressed by a favorable decision. Id. at 560-61. An injury-in-fact must be: (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. Id. at 560. Because injunctive relief is the only remedy to individuals under Title III of the ADA, Plaintiff must also show he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing. Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011) (quoting Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)). The Ninth Circuit has held that there are two ways in which an ADA plaintiff may establish standing to sue for injunctive relief: the plaintiff can either demonstrate "deterrence" or "injury-in-fact coupled with an intent to return to a noncompliant facility." Id. at 944.[2]

### 1. Plaintiff's Injuries Are Not Concrete And Particularized

#### a. Websites[3]

First, Plaintiff alleges that neither the Third-Party Websites nor the DoubleTree Website described the accessible features in enough detail to allow Plaintiff to assess whether the DoubleTree

---

[2] As Ninth Circuit precedent makes clear, Plaintiff can pursue injunctive relief even if he did not actually visit the Doubletree Hotel and even if he is motivated by his desire to test ADA compliance. See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1099, 1102 (9th Cir. 2017) (CREEC).

[3] The Ninth Circuit has recently held that the ADA applies to websites that "impede[] access to the goods and services of . . . places of public accommodation." Robles v. Domino's Pizza, LLC, 913 F.3d 898, 905 (9th Cir. 2019), cert. denied, No. 18-1539, 2019 WL 4921438 (U.S. Oct. 7, 2019).

Hotel met his accessibility needs. FAC ¶¶ 33, 36.[4] In his amended complaint, Plaintiff added allegations listing the accessible features he allegedly needs to be available on a hotel reservation website. Id. ¶ 7. However, there are still no allegations containing "further factual enhancement" to support these "naked assertions." See Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). In other words, Plaintiff has not tied the information he alleges he needs to his particular disabilities. Plaintiff must plead how each barrier affected him because of his disability. Chapman, 631 F.3d at 954. Plaintiff's allegations fail to meet that standard.

Next, Plaintiff alleges that both the Third-Party Websites and the DoubleTree Website failed to make available accessible guest rooms in the same manner as non-accessible rooms, and that the Third-Party Websites charge more for accessible rooms. FAC ¶¶ 34-35, 37.[5] However, Plaintiff does not allege facts plausibly showing that he requires an accessible guest room, beyond the conclusory statement that he needs one. See FAC ¶ 8(j). Nor does he allege in what way booking an accessible room is different from booking a non-accessible room on the Third-Party

---

[4] 28 C.F.R. § 36.302(e)(1)(ii) require a hotel to:

> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

[5] 28 C.F.R. § 36.302(e)(1)(i) requires hotels to:

> Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.

Websites or the DoubleTree Hotel Website, or how any such difference relates to his disability. To the extent Plaintiff bases this allegation on the purported "inadequate dispersion" of accessible rooms, FAC ¶¶ 9-10 & Addendum A at 17, or purported premium charge for accessible rooms, id. ¶ 35, Plaintiff does not plead how such barriers relate to his disability, or any facts to support an injury because of those barriers. Listing procedural violations without connecting them to any particular harm is insufficient to plead standing. Spokeo, Inc. v. Robbins, 136 S. Ct. 1540, 1550 (2016).

      b.    In-person visit

Plaintiff asserts that when he visited the DoubleTree Hotel he "personally encountered architectural barriers to accessibility which interfered with his full and equal enjoyment of the facility on account of his disabilities described above." FAC ¶ 38. Addendum A purportedly documents the "personally encountered architectural barriers." Id. Under each "personal barrier encounter[]," the FAC alleges that the barrier "denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meet his accessibility needs." Id., Addendum A at 21-34. Given that Plaintiff alleged he was present at the hotel when he took these photos, this allegation makes no sense. The alleged barriers Plaintiff personally encountered either did or did not interfere with Plaintiff's full and equal enjoyment "on account of his particular disability." See Chapman, 631 F.3d at 947 (Plaintiff cannot merely identify barriers not associated with his particular disability to satisfy Article III standing). Addendum A "simply identifies alleged ADA . . . violations without connecting the alleged violations to [Plaintiff's] disability, or indicating whether or not he encountered any one of them in such

8

a way as to impair his full and equal enjoyment of the [Hotel]." See id. at 954. Plaintiff has not alleged sufficient facts to support standing.

### 2. Plaintiff's Injuries Are Not Actual or Imminent

#### a. Deterrence

To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" and that "a defendant's failure to comply with the ADA deters her from making use of the defendant's facility." CREEC, 867 F.3d at 1098. Plaintiff alleges that he is deterred from visiting the DoubleTree Hotel because the hotel is not ADA complaint "as such compliance related to Plaintiff's disability." FAC ¶ 18. However, Plaintiff has not alleged how the DoubleTree Hotel's alleged non-compliance with the ADA is related to his disability, and therefore why its non-compliance deters him from staying at the hotel. See Chapman, 631 F.3d at 955 (Plaintiff must identify how each of the alleged barriers "deter him from visiting the Store due to his disability.").

Further, where "the public accommodation being sued is far from the plaintiff's home," the Ninth Circuit has found an "actual or imminent injury sufficient to establish standing where a plaintiff demonstrates an intent to return to the geographic area where the accommodation is located and a desire to visit the accommodation if it were made accessible." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008). In determining whether a plaintiff has alleged an intent to return to the geographic area, the Ninth Circuit has considered "the regularity with which [the plaintiff] visited the city." Id. Although Plaintiff alleges he "traveled and lodged in the Disneyland area at least 20 times in the past," FAC ¶ 27, he has

9

not alleged any facts showing an intent to continue regular visits. [6] This is insufficient.  See, e.g., D'Lil, 538 F.3d at 1037 (plaintiff had visited the area "approximately 1-3 times per year" for more than a decade including "before, during, and after her stay" at the defendant property); see also Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1040 (9th Cir. 2008) (plaintiff "plans to visit Anaheim at least once a year on his annual trips to Disneyland"); Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1135 (9th Cir. 2002) (plaintiff visits his grandmother who lives in the area almost weekly).

Second, a desire to stay at the specific challenged hotel can be shown by explaining a preference for that hotel.  See, e.g., D'Lil, 538 F.3d at 1038 (plaintiff had a "preference for staying at the Best Western Encina" because of "the hotel's proximity to downtown, its accessibility from the freeway, and its amenities, including lush gardening and fresh country linen quilts"); Doran, 524 F.3d at 1040 (plaintiff visited the store "on ten to twenty prior occasions" and "the store is conveniently located near his favorite fast food restaurant in Anaheim"); Pickern, 293 F.3d 1133 at 1135 (plaintiff "patronized a number of Holiday stores," "is a regular customer of the Holiday store in his hometown," and "look[s] first to Holiday Foods grocery stores" when he needs groceries).  While Plaintiff alleges that he "prefers to stay at Hilton properties because he and [his ex-wife] are members of the Hilton Honors

---

[6] Plaintiff also asserts in his declaration that he "returned to the Anaheim area on September 21, 2019 booking a room at the Holiday Express Suites in Santa Ana, 8 miles away." Dkt. 28-1 (Strojnik Decl.) ¶ 41.  However, because standing is determined at the time the lawsuit is filed, "Plaintiff cannot simply manufacture jurisdiction where it does not exist by alleging newfound plans to visit [Anaheim]."  See Brooke v. Choice Hotels Int'l, Inc., No. 3:16-CV-00310-GPC-JMA, 2016 WL 2594070, at *3 n.3 (S.D. Cal. May 5, 2016).

10

Rewards Program,"[7] id. ¶ 23, there are no allegations as to this particular Hilton property, as opposed to others in the "Disneyland area." And, during his last two visits to the Disneyland area, Plaintiff stayed at a Marriott, FAC ¶ 42, and a Holiday Inn, Strojnik Decl. ¶ 41. This is insufficient to show that Plaintiff is deterred from staying at the DoubleTree Hotel.

  b. <u>Intent-to-Return</u>

To demonstrate an intent to return, courts often consider four factors: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." <u>Antonio v. Yi</u>, No. 2:14-CV-04323-SVW-AS, 2015 WL 13603781, at *2 (C.D. Cal. Mar. 4, 2015).

The first factor is less relevant when applied to hotels, because it is generally the purpose of hotels to provide a place to stay away from someone's residence. Applying the second factor, Plaintiff alleges "his belief that he stayed at [the DoubleTree Hotel] several times previously," FAC ¶ 28, but apparently does not actually remember ever doing so.[8] Because Plaintiff does not know that he stayed at the DoubleTree Hotel, this factor does not demonstrate an intent to return. Third, Plaintiff alleges that "he intends to travel to the Disneyland area . . . and intends to stay at the [DoubleTree Hotel]" after the Hotel is "fully and completely

---

[7] Apparently, only Plaintiff's ex-wife is a member of the Hilton Honors Rewards Program. Dkt. 27-3 (Nielson Decl.) ¶ 4; Strojnik Decl. ¶ 30.

[8] Defendant submitted a declaration showing that Plaintiff had not stayed at the DoubleTree Hotel in the last five years under his name. Nielson Decl. ¶ 3. However, it is possible Plaintiff stayed at the DoubleTree Hotel more than five years ago or that, given that Plaintiff alleges he traveled with his wife, reservations were made under her name.

11

ADA complaint," FAC ¶ 24; see also id. ¶ 29 (Plaintiff has a "definite plan to return to the Disneyland area and intends to stay at the [DoubleTree Hotel] once the Hotel confirms its ADA compliance").  However, "[g]eneral statements regarding Plaintiff's intent to travel to an area . . . are insufficient to allege an 'actual and imminent' injury." Brooke, 2016 WL 2594070, at *3.  Such speculative, "some day" intentions of visiting a facility will not support standing.  Lujan, 504 U.S. at 564.  Finally, Plaintiff alleges that he "travels to California often" and has "traveled and lodged in the Disneyland area at least 20 times in the past." FAC ¶¶ 25, 27. However, as discussed above, Plaintiff "provides no indication that his visits are regular" or "whether he has a reason for recurrent returns" to the area.  See Antonio, 2015 WL 13603781, at *2.  Therefore, Plaintiff has not sufficiently alleged an intent to return.

### 3. Causal Connection

Plaintiff must also allege that his injury is "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Lujan, 504 U.S. at 560.  Plaintiff has not alleged any facts showing that information allegedly not being available on the Third-Party Websites is "fairly traceable" to Defendant.[9]  Therefore, for this additional reason Plaintiff has no standing to

---

[9] The Department of Justice's guidance regarding 2010 revisions to the ADAAG states that a hotel "will not be responsible" if a "third party fails to provide the information or rooms to people with disabilities" so long as the hotel "makes available such rooms and information to [the] third-party reservation provider."  28 C.F.R. § Pt. 36, App. A.  Such guidance is "'entitled to substantial deference' and 'will be disregarded only if plainly erroneous or inconsistent with the regulation.'" Kohler v. Presidio Int'l, Inc., 782 F.3d 1064, 1069 (9th Cir. 2015) (quoting Miller v. California Speedway Corp., 536 F.3d 1020, 1028 (9th Cir. 2008)).

assert claims based on the purported injuries caused by Third-Party Websites.

Plaintiff's First Cause of Action under the ADA is dismissed with leave to amend.

**B.     State Law Causes of Action**

"[I]f the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court has no discretion to retain the supplemental claims for adjudication." Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001) (alterations in original) (quoting 16 Moore's Federal Practice § 106.66[1]). Because the Court is dismissing Plaintiff's sole federal claim for lack of subject matter jurisdiction, the Court declines to address Plaintiff's state law claims at this time.

## IV.  Conclusion

Plaintiff's First Cause of Action is DISMISSED with leave to amend. An amended complaint may be filed and served no later than November 15, 2019. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add new defendants or new claims must be sought by a separate, properly noticed motion.

IT IS SO ORDERED.

Date: October 21, 2019

Dale S. Fischer
United States District Judge

13