Peter Strojnik (Sr.),
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
Telephone:  (602) 524-6602
ps@strojnik.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Case No: 8:19-cv-00946-DSF-GJS

PETER STROJNIK (Sr.),

Plaintiff,

vs.

ORANGEWOOD LLC. DBA
DOUBLETREE SUITES BY HILTON
HOTEL ANAHEIM RESORT –
CONVENTION CENTER

Defendant.

**FIRST AMENDED
COMPLAINT
[per Order, Doc 34 18]**

1. **Americans with Disabilities
Act**
2. **Discrimination in Public
Accommodations (State
Law)**
3. **Negligence**

**JURY TRIAL REQUESTED**

1.  Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2)  California Unruh Civil Rights Act, California Civil Code § 51, 52 ("Unruh") (3) the California Disabled Persons Act ("DPA") and (4) common law of negligence per se.

### PARTIES

2.  Plaintiff Peter Strojnik is a veteran and a disabled person as defined by the ADA, Unruh and DPA.

3.  Plaintiff is a single man currently residing in Maricopa County, Arizona. Plaintiff is and, at all times relevant hereto has been, legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer

and renal cancer, degenerative right knee[1] and is therefore a member of a protected class under the ADA and Unruh.

4.   Defendant, owns, operates leases or leases to a lodging business ("Hotel") located at 2085 S. Harbor Blvd., Anaheim, CA 92802_which is a public accommodation pursuant to 42 U.S.C. § 12181(7)(A) and Unruh.

**PLAINTIFF'S DISABILITY AND CAUSAL CONNECTION BETWEEN IT AND ALLEGED BARRIERS**

5.   Plaintiff suffers from physical impairments described above which impairments substantially limit his major life activities.  Plaintiff walks, stands, sleeps, climbs stairs with difficulty and pain and requires compliant mobility accessible features at places of public accommodation. Plaintiff's impairment is constant, but the degree of pain is episodic ranging from dull and numbing pain to extreme and excruciating agony.

6.   In particular, Plaintiff's renal cancer causes pain in the abdominal and back area, the severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy causes pain while walking,  standing, sitting, climbing and lying down. The knee prosthesis also causes pain while walking,  standing, sitting, climbing and lying down.

7.   As a consequence of Plaintiff's disability, Plaintiff requires 28 CFR 36.302(e) disclosures that include information about accessible entrances to the hotel (e.g. disclosure of disability passenger drop of zone, the distance between accessible parking and the entrance to the hotel, proper signage in accessible parking), the path of travel to guest check-in and other essential services (e.g. accessible check in counter, accessible business counters, accessible concierge desk), and the accessible route to the accessible room or rooms and the description of accessible rooms (e.g., roll in shower, lowered peepholes, lowered security hardware, proper door opening hardware, water temperature, shower spray unit positive shut off, lowered AC and other controls etc.). In addition, the Hotel's booking websites fail to include information about important features that do not comply with the Standards.

---

[1] The right knee has since been replaced with a prosthesis.

2

a.  The disclosures in the following paragraph equally apply to the requirements of 28 CFR 36.302.

b.  Plaintiff further alleges that booking an accessible room is different from booking a standard room because Plaintiff is required to further investigate Defendant's accessibility prior to booking a room.

c.  The violations of 28 CFR 36.302 and 301 relate to Plaintiff's disability because Plaintiff is mobility disabled as alleged above and below based on 28 CFR 36.105.

a.d.    The violations of 28 CFR 36.302 and 301 are "fairly traceable" to Defendant because (i) Defendant's own website over which Defendant has control is 302(e) deficient, (ii) Defendant's third party website discloses that defendant charges a premium (iii) Defendant is required to supply accessibility information to a third party website and has, upon information and belief, failed to do so (iv) Defendant, on information and belief, aware of third party booking website's premium charge and failed to remedy it.

7.8.  Further as a consequence of Plaintiff's disability, with respect to specific architectural barriers described in Addendum A, Plaintiff requires, at a minimum:

a.  -A marked drop off zone so he can get in and out of the vehicle in a properly marked location in front of the Hotel. This requirement is found in ADAAG at § 209.  Plaintiff, as passenger, requires the closest accessible route from said loading and drop off zone to the hotel entrance.

b.  Accessible parking that is the closest to the entrance to the Hotel. This requirement is found in ADAAG at §207. Plaintiff, as passenger or driver, requires the closest route from accessible parking to the hotel lobby.

c.  Accessible concierge counter. This requirement is found in ADAAG at 904. Plaintiff requires accessible service counters because his disabilities as defined in 28 CFR 36.105 substantially limits him from access to the non-compliant counter.

d.  ADA compliant and accessible check-in encounter. This requirement is found in ADAAG at 904. Plaintiff requires accessible service counters

because his disabilities as defined in 28 CFR 36.105 substantially limits him from access to the non-compliant counter.

e.  Doors that require 5 lbs or less to open. This requirement is found in ADAAG § 309. Plaintiff requires operable parts to be operational with less than 5 lbs force because his disabilities as defined in 28 CFR 36.105 substantially limits him from exerting a force over 5 lbs.

f.  Doors that close in 5 second or more. This requirement is found in ADAAG at §404. Plaintiff requires doors to close with minimum 5 seconds because his disabilities as defined in 28 CFR 36.105 substantially limits him from getting out of the way of a closing door within 5 seconds.

g.  Properly configured accessible lobby bar. This requirement is found in ADAAG at 904. Plaintiff requires accessible service counters because his disabilities as defined in 28 CFR 36.105 substantially limits him from access to the non-compliant bar.

h.  Accessible gift shop counter. This requirement is found in ADAAG at 904. Plaintiff requires accessible service counters because his disabilities as defined in 28 CFR 36.105 substantially limits him from access to the non-compliant bar.

i.  Accessible gift shop isles. This requirement is found in ADAAG at §403. Plaintiff requires accessible gift shop isles because his disabilities, when active, require the use of a wheelchair as defined in 28 CFR 36.104, thus substantially limiting him from access to the gift shop.

j.  Mobility accessible room. This requirement is found in 28 CFR §406 and Standards at §806. Plaintiff requires accessible room because his disabilities substantially limit him from equal access in a standard room.

9.  Further as a result of Plaintiff's disability and the consequential entitlement to a mobility accessible room properly dispersed between various categories of rooms, Plaintiff enjoys the absolute right to (1) not pay a premium for an accessible room (28 CFR § 36.301) and to have the ability to rent a ~~premium~~ accessible room (dispersion) for the following reason:

a. Plaintiff, depending on his then current financial state, enjoys accessible rooms commensurate with it. Denial of choice denies him equal access to different categories of rooms.

9.10.  Plaintiff is damaged by Hotel's premium charge and inadequate dispersion because (1) he is entitled to pay the same charge as non-disabled individuals and (2) he enjoys higher end accessible rooms. Plaintiff is damaged by Hotel's charge of premium for an accessible room because he has to pay more money than the general population. See 28 CFR 36.301.

10.11.  Defendant (1) failed to provide information required by 28 CFR 36(302(e) and (2) failed to remove architectural barriers to accessibility and (3) charged more for the accessible room than an equal non-accessible room, all as more fully described in Addendum A.

11.12.  Defendant's failure (1) to provide information required by 28 CFR 36(302(e) and (2) remove architectural barriers to accessibility and (3) its illegal premium charge for the accessible room deprived Plaintiff from full and equal enjoyment of the Hotel.

**JURISDICTION**

12.13.  District Court has jurisdiction over this case or controversy by virtue of 28 U.S.C. §§ 28-1331 and 42 U.S.C. § 12188 and 28 U.S.C. § 1367.

13.14.  Plaintiff brings this action as a private attorney general who has been personally subjected to discrimination on the basis of his disability, *see* 42 U.S.C.12188 and 28 CFR §36.501.

14.15.  This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

15.16.  Venue is proper pursuant to 28 U.S.C. § 1391.

16.17.  The ADAAG violations in this Verified Complaint relate to barriers to Plaintiffs mobility. This impairs Plaintiff's full and equal access to the Hotel which, in turn, constitutes discrimination satisfying the "injury in fact" requirement of Article III of the United States Constitution.

18. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA or State Law compliant as such compliance relates to Plaintiff's disability as more fully stated:

   a.   In ¶¶8 and 9 above and in Addendum A.

   b.   Plaintiff is deterred from visiting the Hotel until such time as it becomes ADA complaint.

   c.   Plaintiff has visited the Disneyland area 20± times in the past and intends to visit the area on a regular basis. Plaintiff has already visited the Disneyland area on September 21, 2019 at a Holiday Inn Express 8 miles away because he was deterred from lodging at Defendant's hotel.

   d.   Following a confirmation that the Hotel is ADA compliant, Plaintiff intends to lodge there for the purpose of (i) visiting Disneyland and (ii) confirming ADA compliance (motive is irrelevant), (iii) spending the night on the way to San Francisco and Napa Wine Country, (iv) attending Court hearings in Santa Ana.

   e.   Plaintiff's proximity to the Hotel is irrelevant to Plaintiff because he is retired and has a car.

   f.   Plaintiff alleges that he has lodged at Hilton Hotels countless times previously and, to the best of his memory, at this Hotel.

   g.   Plaintiff's intent to return to the Hotel once he is assured that the Hotel is ADA accessible, he will definitely return for reasons stated above.

   h.   As indicated, Plaintiff travels to the vicinity of Defendant's Hotel regularly.

   i.

19. Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant facility suffers an imminent injury from the facility's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

### ADDITIONAL FACTUAL ENHANCEMENTS TO PLAINTIFF'S ALLEGATIONS OF STANDING

20. Plaintiff incorporates all allegations heretofore and hereinafter made.

21. Plaintiff brings this action under the "actual disability" prong of the ADA as defined under 28 C.F.R. 36.105.

22. Plaintiff is mobility disabled as defined in 28 C.F.R. 36.105 and as more fully alleged above. Plaintiff further alleges that he is missing a part of a limb, to wit, right knee.

23. Defendant is required to  disclose in its first party booking website accessible and non-accessible features in enough detail to allow Plaintiff to assess for himself whether Defendant's place of lodging meets Plaintiff's disability needs.

24. Defendant is also required to notify third party booking websites to include accessible and non-accessible features in enough detail to allow Plaintiff to assess for himself whether Defendant's place of lodging meets Plaintiff's disability needs.

25. Because the information is strictly within the knowledge of Defendant, Plaintiff alleges, on the basis of 3rd party's inadequate disclosure of accessibility features, upon information and belief, that Defendant failed to advise third party booking websites of its accessibility and non-accessibility features

26. While traveling, Plaintiff

18.27.

### COUNT ONE
### Violation of Plaintiff's Civil Rights under the ADA

19.**28. Plaintiff realleges all allegations heretofore set forth.**

20.29. By virtue of his disability, Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted, all as more fully described above.

21.30. Plaintiff intended to visit the Disneyland area in mid-March with Mrs. Strojnik, our daughter and grandchildren.

22.31. Plaintiff prefers to stay at Hilton properties because he and Mrs. Strojnik are members of the Hilton Honors Rewards Program.

7

23.32. Plaintiff intends to travel to the Disneyland area with Mrs. Strojnik and our grandchildren and intends to stay at the Defendant's hotel at such time as the Hotel is fully and completely ADA compliant.

24.33. Plaintiff, who is retired, travels to California often, to wit, just in 2019, Plaintiff travelled to California and lodged there as follows:

     a. 2019-01-23 – San Diego

     b. 2019-02-16-17 – Solvang

     c. 2019-03-14-17 – Anaheim

     d. 2019-04-05 – Santa Barbara

     e. 2019-04-06 – Santa Clara

     f. 2019-04-07 – Carmel

     g. 2019-04-16 – Healdsburg

     h. 2019-04-17 – Calistoga

     i. 2019-04-18 – Napa

     j. 2019-05-20 – La Jolla

     k. 2019-05-21 – San Diego

     l. 2019-05-22 – Sorento Valley

     m. 2019-06-05 – Bakersfield

     n. 2019-06-06 – Redding

     o. 2019-06-07 – Sacramento

     p. 2019-06-07 – Fresno and Visalia

     q. 2019-07-25-26 - Coronado

25.34. As Plaintiff is retired and usually travels by car, the distance to California cities documented in the previous paragraphs do not impact his ability or intent to travel there as these trips are leisure trips and time is of little significance to Plaintiff.

26.35. Plaintiff travelled and lodged in the Disneyland area at least 20 times in the past with his and Mrs. Strojnik's children and Plaintiff's and Mrs. Strojnik's out of country guests.

8

27.36. Because of Hotel's closeness to Disneyland and the Hilton Honors Program, Plaintiff alleges his belief that he stayed at this Hotel several times previously, although he no longer maintains documentary evidence of same.

28.37. Plaintiff has a definite plan to return to the Disneyland area and intends to stay at Defendant's Hotel once the Hotel confirms its ADA compliance (futility).

29.38. Plaintiff travels to the vicinity of Defendant's location whenever he travels to a location North of LA as, for example, when visiting Solvang, Santa Barbara, Santa Clara, Carmel, Healdsburg, Calistoga, Napa, Redding and Sacramento as indicated above.

30.39. Plaintiff reviewed hotel booking websites as documented in Addendum A which is by this reference incorporated herein for all purposes.

31.40. Plaintiff became aware that third party booking websites disclosed general availability and description of Defendant's Hotel. Third Party booking websites referenced here are more fully documented in Addendum A which is by this reference incorporated herein. The

32.41. Third party booking websites failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented in Addendum A.

33.42. Third party booking websites also failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

34.43. Plaintiff also became aware that the Hotel charges a premium for accessible room:



35.44. Thereafter, Plaintiff became aware that Defendant's 1st party booking website failed to identify and describe mobility related accessibility features and guest rooms offered through its reservations service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs as more fully documented. *See* Addendum A.

36.45. Plaintiff also became aware that Defendant's 1st party booking website failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms. *See* Addendum A.

46. Plaintiff personally visited Defendant's Hotel on or about March 14-15, 2019, and personally encountered architectural barriers to accessibility which interfered with his

full and equal enjoyment of the facility on account of his disabilities described above. These personally encountered architectural barriers are more fully documented in Addendum A. As a matter of clarification, these barriers were not noted online, but in person.

     a.  This allegation makes sense because Plaintiff lodged at the Marriott which he found to be non-ADA compliant. As a result, in anticipation of future travel to the area, Plaintiff visited Defendant's hotel to determine whether it would be supportive of his accessibility needs.

     b. The causal connection between the barriers documented in Addendum A ae set forth in ¶¶ 8 and 9 above.

~~38.~~47. The architectural barriers interfere with Plaintiff's full and equal enjoyment of Defendant's Hotel because they make it more difficult for Plaintiff to enjoy Hotels amenities than for a non-disabled individual.

~~39.~~48. Defendant has violated the ADA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above and as outlined in Addendum A.

~~40.~~49. The ADA violations described in Addendum A relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel as outlined above.

~~41.~~50. As a result of the deficiencies described above, Plaintiff declined to book a room at Defendant's Hotel but booked a room at Anaheim Marriott Suites for March 14-16, 2019.

~~42.~~51. The removal of accessibility barriers listed above is readily achievable.

~~43.~~52. As a direct and proximate result of ADA Violations, Defendant's failure to remove accessibility barriers prevented Plaintiff from equal access to the Defendant's public accommodation.

**WHEREFORE,** Plaintiff prays for all relief as follows:

    A.  Relief described in 42 U.S.C. §2000a – 3; and

    B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

C.  Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by ALL individuals with disabilities; and

D.  Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

E.  Equitable nominal damages; and

F.  For costs, expenses and attorney's fees; and

G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b).

<u>**COUNT TWO**</u>
**(Violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§51, 52)**

~~44.~~53.  **Plaintiff realleges all allegations heretofore set forth.**

~~45.~~54.  Plaintiff intended to visit the Disneyland area and spend a night there.

~~46.~~55.  Plaintiff personally experienced architectural barriers to accessibility as alleged under heading "Personal Barrier Encounters" in Addendum A.

~~47.~~56.  At the time of the personal experience of architectural barriers to accessibility, Plaintiff was within the territorial jurisdiction of the State of California.

~~48.~~57.  Defendant has violated the Unruh by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

~~49.~~58.  Unruh provides for declaratory and monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

~~50.~~59.  Plaintiff has been damaged by the Defendant's non-compliance with Unruh and is thereby aggrieved.

~~51.~~60.  Pursuant to Cal Civ Code §52, Plaintiff is further entitled to such other relief as the Court considers appropriate, including monetary damages in an amount to be proven at trial, but in no event less than $4,000.00 per encounter with each barrier to accessibility.

~~52.~~61.  Pursuant to Unruh, Plaintiff is entitled to costs and expenses in an amount to be proven at trial.

1    WHEREFORE, Plaintiff demands judgment against Defendant as follows:

2    a.  A Declaratory Judgment that at the commencement of this action Defendant was

3        in violation of the specific requirements of Unruh; and

4    b.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if

5        applicable, a permanent injunction pursuant to Unruh which directs Defendant to

6        take all steps necessary to bring its accommodation into full compliance with the

7        requirements set forth in the Unruh, and its implementing regulations, so that the

8        Hotel facilities are fully accessible to, and independently usable by, disabled

9        individuals, and which further directs that the Court shall retain jurisdiction for a

10       period to be determined after Defendant certifies that its facilities are fully in

11       compliance with the relevant requirements of the Unruh to ensure that Defendant

12       has adopted and is following an institutional policy that will in fact cause

13       Defendant to remain fully in compliance with the law; and

14   c.  Irrespective of Defendants "voluntary cessation" of the ADA violation, if

15       applicable, the payment of costs of suit; and

16   d.  Order closure of the Defendant's place of public accommodation until Defendant

17       has fully complied with the Unruh; and

18   e.  For damages in an amount no less than $4,000.00 per encounter with barrier; and

19   f.  For treble damages pursuant to Cal Civ. Code. §3345.

20   g.  The provision of whatever other relief the Court deems just, equitable and

21       appropriate.

## COUNT THREE
### (Violation of the California Disabled Persons Act, Cal. Civ. Code §§54-54.3)

~~53.~~62.  **Plaintiff realleges all allegations heretofore set forth.**

~~54.~~63.  Defendant has violated the DPA by denying Plaintiff equal access to its public accommodation on the basis of his disability as outlined above.

~~55.~~64.  The DPA provides for monetary relief to "aggrieved persons" who suffer from discrimination on the basis of their disability.

1   ~~56.~~65. Plaintiff has been aggrieved by the Defendant's non-compliance with the DPA.

2   ~~57.~~66. Pursuant to the DPA, Plaintiff is further entitled to such other relief as the Court

3   considers appropriate, including monetary damages in an amount to be proven at trial,

4   but in no event less than $1,000.00. Cal. Civ. Code § 54.3.

5   ~~58.~~67. Pursuant to the DPA, Plaintiff is entitled to costs in an amount to be proven at trial.

6   Cal. Civ. Code § 54.3.

7   WHEREFORE, Plaintiff demands judgment against Defendant as follows:

8   a. A Declaratory Judgment that at the commencement of this action Defendant was

9   in violation of the specific requirements of Unruh; and

10  b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if

11  applicable, a permanent injunction pursuant to Unruh which directs Defendant to

12  take all steps necessary to bring its facilities into full compliance with the

13  requirements set forth in the Unruh, and its implementing regulations, so that the

14  facilities are fully accessible to, and independently usable by, disabled individuals

15  as required by law, and which further directs that the Court shall retain jurisdiction

16  for a period to be determined after Defendant certifies that its facilities are fully in

17  compliance with the relevant requirements of the Unruh to ensure that Defendant

18  has adopted and is following an institutional policy that will in fact cause

19  Defendant to remain fully in compliance with the law; and

20  c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if

21  applicable, the payment of costs of suit; and

22  d. Order closure of the Defendant's place of public accommodation until Defendant

23  has fully complied with the DPA; and

24  e. For damages in an amount no less than $1,000.00 per violation per encounter; and

25  f. For treble damages pursuant to Cal Civ. Code. §3345.

26  g. The provision of whatever other relief the Court deems just, equitable and

27  appropriate.

28  **COUNT FOUR**

Negligence

59.68. Plaintiff realleges all allegations heretofore set forth.

60.69. Defendant had a duty to Plaintiff to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

61.70. Defendant breached this duty.

62.71. Defendant is or should be aware that, historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem[2].

63.72. Defendant knowingly and intentionally participated in this historical discrimination against Plaintiff, causing Plaintiff damage.

64.73. Discrimination against individuals with disabilities persists in the use and enjoyment of critical public accommodations[3].

65.74. Defendant's knowing and intentional persistence in discrimination against Plaintiff is alleged, causing Plaintiff damage.

66.75. Individuals with disabilities, including Plaintiff, continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities[4].

67.76. Defendant's knowing and intentional discrimination against Plaintiff reinforces above forms of discrimination, causing Plaintiff damage.

---

[2] 42 U.S.C. § 12101(a)(2)
[3] 42 U.S.C. §12101(a)(3)
[4] 42 U.S.C. §12101(a)(5)

68.77. Census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally[5].

69.78. Defendant's knowing and intentional discrimination has relegated Plaintiff to an inferior status in society, causing Plaintiff damage.

70.79. The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals[6].

71.80. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals of equality, causing Plaintiff damage.

72.81. Continued existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity[7].

73.82. Defendant's knowing and intentional unfair and unnecessary discrimination against Plaintiff demonstrates Defendant's knowing and intentional damage to Plaintiff.

74.83. Defendant's breach of duty caused Plaintiff damages including, without limitation, the feeling of segregation, discrimination, relegation to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial.

75.84. By violating Plaintiff's civil rights, Defendant engaged in intentional, aggravated and outrageous conduct.

76.85. The ADA has been the law of the land since 1991, but Defendant engaged in a conscious action of a reprehensible character, that is, Defendant denied Plaintiff his civil rights, and cause him damage by virtue of segregation, discrimination, relegation

---

[5] 42 U.S.C. §12101(a)(6)
[6] 42 U.S.C. §12101(a)(7)
[7] 42 U.S.C. §12101(a)(8)

to second class citizen status the pain, suffering and emotional damages inherent to discrimination and segregation and other damages to be proven at trial

77.86. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of negligence; and

    B.  For damages in an amount to be proven at trial; and

    C.  For such other and further relief as the Court may deem just and proper.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

RESPECTFULLY SUBMITTED this 26th day of August, 2019.

**PETER STROJNIK**

_____

Plaintiff

MAILED to the District Court this 26th day of August, 2019.

DISTRIBUTED to Defendant through PACER.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ADDENDUM A**

<div style="background:#b00">

**3RD PARTY BOOKING WEBSITE – GENERAL ACCESSIBILITY INFORMATION**

</div>

<div style="background:#f0b000">

**HOTELS.COM**

</div>

**About DoubleTree Suites by Hilton Anaheim Rsrt - Conv Cntr, Anaheim**

**Location.**
The Tuscan-inspired Doubletree Suites by Hilton Anaheim Resort/Convention Center is located in Anaheim, Calif., 1 block from the Anaheim Convention Center, 1 mile from Disneyland® Resort, and within 4 miles of the Block at Orange.

**Hotel Features.**
The hotel lobby showcases Greek Revival-style marble columns, contemporary furniture and warm, recessed lighting. Dining options include Agio Ristorante that prepares Californian- and Italian-influenced cuisine served indoors or al fresco. Grappa Lounge specializes in Californian and Italian wines, martinis and traditional grappa. Café Biscotti serves Starbucks coffee, breakfast bagels, pastries and espresso drinks. The hotel's complimentary 24-hour business center houses 3 computer stations. A total of 7,500 square feet of function space across 10 meeting rooms accommodates events. Wireless Internet access is complimentary. The 24-hour, complimentary fitness center contains cardiovascular and weight-training equipment. A 2nd-story outdoor heated pool and spa tub are located adjacent to the fitness center and arcade room. A nearby bowling alley is also available.

**Guestrooms.**
This 7-story property built in 2006 offers 251 guestrooms decorated in earthy, natural hues. All rooms contain refrigerators, coffeemakers and microwave ovens. Doubletree Sweet Dreams beds feature overstuffed pillows, duvets and 250-thread count ivory linens. Suites also contain queen-size sofa beds. The hotel can provide rollaway beds for an extra surcharge. Bathrooms feature granite-topped vanities. Laptop-compatible in-room safes are complimentary. Rooms include MP3 adaptors. High-speed wired and wireless Internet access is available free of charge. The hotel can offer wheelchair-accessible accommodations.

**Guestrooms.**
This 7-story property built in 2006 offers 251 guestrooms decorated in earthy, natural hues. All rooms contain refrigerators, coffeemakers and microwave ovens. Doubletree Sweet Dreams beds feature overstuffed pillows, duvets and 250-thread count ivory linens. Suites also contain queen-size sofa beds. The hotel can provide rollaway beds for an extra surcharge. Bathrooms feature granite-topped vanities. Laptop-compatible in-room safes are complimentary. Rooms include MP3 adaptors. High-speed wired and wireless Internet access is available free of charge. The hotel can offer wheelchair-accessible accommodations.

**Key facts**

**Hotel size**
- This hotel has 251 rooms
- This hotel is arranged over 7 floors

**Arriving/leaving**
- 💬 92% of customers were happy with check-in
- Check-in time 4 PM-2 AM
- Check-out time is 11 AM
- Express check-in/out

**Required at check-in**
- Credit card or cash deposit required
- Government-issued photo ID required

**In the hotel**

| | |
|---|---|
| Food and drink | Buffet breakfast daily (surcharge)   \|   Restaurant   \|   Bar/lounge   \|   Coffee shop/café   \|   Room service (during limited hours) |
| Things to do | Outdoor pool   \|   Fitness facilities   \|   Spa tub   \|   Golfing nearby   \|   Arcade/game room |
| Working away | 24-hour business center   \|   Conference space   \|   Meeting rooms   \|   Conference space size (feet) - 7500   \|   Conference space size (meters) - 697 |
| Services | 24-hour front desk   \|   Concierge services   \|   Dry cleaning/laundry service   \|   Laundry facilities   \|   Free newspapers in lobby   \|   Luggage storage   \|   Wedding services   \|   Multilingual staff   \|   Porter/bellhop |
| Facilities | Year Built 2006   \|   Elevator/lift   \|   ATM/banking   \|   Safe-deposit box at front desk |
| Accessibility | Accessible bathroom   \|   In-room accessibility   \|   Roll-in shower |
| Languages Spoken | English   \|   Filipino   \|   Spanish |

| In the room | |
|---|---|
| Home comforts | In-room climate control (air conditioning)  \|  Air conditioning  \|  Coffee/tea maker |
| Sleep well | Blackout drapes/curtains  \|  Sofa bed  \|  Premium bedding |
| Freshen up | Private bathroom  \|  Shower/tub combination  \|  Free toiletries  \|  Hair dryer |
| Be entertained | Pay movies  \|  Premium TV channels  \|  Video-game console |
| Stay connected | Desk  \|  Free weekday newspaper  \|  Free WiFi  \|  Phone |
| Food and drink | Refrigerator  \|  Microwave |
| More | Daily housekeeping  \|  In-room safe (laptop compatible)  \|  Connecting/adjoining rooms available |

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

### 3RD PARTY BOOKING WEBSITE – ROOM DESCRIPTIONS



**Standard King Non Smoking**

**Sleeps 2 people** (including up to 1 child)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-239-9478



**Standard 2 Queen beds**

**Sleeps 4 people** (including up to 3 children)

**Bed choices**
- 2 Queen Beds

**Extra beds available**
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-239-9478



**1 Bedroom 2 Queen Suite**

**Sleeps 6 people** (including up to 5 children)

**Bed choices**
- 2 Queen Beds and 1 Double Sofa Bed

**Extra beds available**
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-239-9478



Suite, 2 Queen Beds, Pool View

Sleeps 6 people (including up to 5 children)

**Bed choices**
- 2 Queen Beds

**Extra beds available**
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-239-9478

---

1 Bedroom King Suite

Sleeps 4 people (including up to 3 children)

**Bed choices**
- 1 King Bed and 1 Double Sofa Bed

**Extra beds available**
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-239-9478

---

One King Bed, Non-Smoking, Accessible

Sleeps 4 people (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-239-9478

---

Suite, Accessible, Non Smoking

Sleeps 4 people (including up to 3 children)

**Bed choices**
- 1 King Bed

**Extra beds available**
- Sofa bed
- Crib
- Rollaway bed

More Info: 855-239-9478

---

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. There is insufficient dispersion of accessible rooms among various categories of rooms.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



| | | |
|---|---|---|
| **Identification of Specific Barrier in Plain Language:** Hotel charges premium for accessible room. | | |

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**1ST PARTY BOOKING WEBSITE - GENERAL ACCESSIBILITY INFORMATION**

https://www.guestreservations.com/doubletree-suites-by-hilton-anaheim-ca/booking?gclid=CjwKCAjw96fkBRA2EiwAKZjFTYHuhCkIdCZFT6NYdU XEHO_Ie4uGGTEQ1XNIIX1WFxmxNczHNSEWrxoCVO0QAvD_BwE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# DOUBLETREE SUITES BY HILTON ANAHEIM RESORT

**Property Location**

With a stay at DoubleTree Suites by Hilton Anaheim Rsrt - Conv Cntr in Anaheim (Anaheim Resort), you'll be convenient to Anaheim Convention Center and Disney California Adventure® Park. This hotel is within close proximity of Downtown Disney® District and Disneyland®.

**Rooms**

Make yourself at home in one of the 251 air-conditioned rooms featuring refrigerators and microwaves. Wired and wireless Internet access is complimentary, while video-game consoles and premium TV channels are also offered to provide entertainment. Partially open bathrooms with shower/tub combinations feature complimentary toiletries and hair dryers. Conveniences include safes and desks, and housekeeping is provided daily.

**Amenities**

Enjoy a range of recreational amenities, including an outdoor pool, a spa tub, and a fitness center. Additional amenities at this hotel include complimentary wireless Internet access, concierge services, and an arcade/game room.

**Dining**

Enjoy a meal at a restaurant or in a coffee shop/café. Or stay in and take advantage of the hotel's room service (during limited hours). Quench your thirst with your favorite drink at a bar/lounge. Buffet breakfasts are available daily from 6 AM to 10:30 AM for a fee.

**Business, Other Amenities**

Featured amenities include complimentary wired Internet access, a 24-hour business center, and express check-in. Planning an event in Anaheim? This hotel has 7500 square feet (697 square meters) of space consisting of conference space and meeting rooms. Self parking (subject to charges) is available onsite.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Here's what else you can look forward to:

**Property Location**

With a stay at DoubleTree Suites by Hilton Anaheim Rsrt - Conv Cntr in Anaheim (Anaheim Resort), you'll be convenient to Anaheim Convention Center and **Disney California Adventure**® Park. This hotel is within close proximity of **Downtown Disney**® District and **Disneyland**®.

**Rooms**

Make yourself at home in one of the 251 air-conditioned rooms featuring refrigerators and microwaves. Wired and wireless Internet access is complimentary, while video-game consoles and premium TV channels are also offered to provide entertainment. Partially open bathrooms with shower/tub combinations feature complimentary toiletries and hair dryers. Conveniences include safes and desks, and housekeeping is provided daily.

**Amenities**

Enjoy a range of recreational amenities, including an outdoor pool, a spa tub, and a fitness center. Additional amenities at this hotel include complimentary wireless Internet access, concierge services, and an arcade/game room.

**Dining**

Enjoy a meal at a restaurant or in a coffee shop/café. Or stay in and take advantage of the hotel's room service (during limited hours). Quench your thirst with your favorite drink at a bar/lounge. Buffet breakfasts are available daily from 6 AM to 10:30 AM for a fee.

**Business, Other Amenities**

Featured amenities include complimentary wired Internet access, a 24-hour business center, and express check-in. Planning an event in Anaheim? This hotel has 7500 square feet (697 square meters) of space consisting of conference space and meeting rooms. Self parking (subject to charges) is available onsite.

## Amenities

- ☑ 24 hour front desk
- ☑ Fitness Center
- ☑ Gift Shop
- ☑ Jacuzzi or Spa
- ☑ Concierge
- ☑ ATM Machine
- ☑ Game Room
- ☑ Parking - Self
- ☑ Dry cleaning service
- ☑ Laundry
- ☑ Business Center
- ☑ Lounge/Bar

**Identification of Specific Barrier in Plain Language:** Booking website does not identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**PERSONAL BARRIER ECOUNTERS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification**



**Identification of Specific Barrier in Plain Language:** No marked passenger drop off zone.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Accessible parking not closest to entry.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Inaccessible concierge counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.



**Identification of Specific Barrier in Plain Language:** Improperly configured check in counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21



22 | **Identification of Specific Barrier in Plain Language:** More than 5 lbs to open.

23 | **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

26 | **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

27
28

**Identification of Specific Barrier in Plain Language:** More than 5 lbs to open.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17



18 | **Identification of Specific Barrier in Plain Language:** Less than 5 s to close.

19 | **The manner in which the barriers denied Plaintiff full and equal use or access, and**
20 | **which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal
access by failing to identify and describe accessible features in the hotel and guest rooms
21 | in enough detail to reasonably permit Plaintiff to assess independently whether the hotel
or guest room meets his accessibility needs.

22 | **The dates on each particular occasion on which Plaintiff encountered such barrier**
**and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible lobby bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Identification of Specific Barrier in Plain Language:** Inaccessible bar.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

**Identification of Specific Barrier in Plain Language:** Inaccessible gift shop counter.

**The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs.

**The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



| | |
|---|---|
| **Identification of Specific Barrier in Plain Language:** Inaccessible gift shop isles. | |
| **The manner in which the barriers denied Plaintiff full and equal use or access, and which deter Plaintiff from visiting the Hotel:** Barrier denied Plaintiff full and equal access by failing to identify and describe accessible features in the hotel and guest rooms in enough detail to reasonably permit Plaintiff to assess independently whether the hotel or guest room meets his accessibility needs. | |
| **The dates on each particular occasion on which Plaintiff encountered such barrier and which deter Plaintiff from visiting Hotel:** On or about March 14-15, 2019. | |

20
21
22
23
24
25

**END**

26
27
28