**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER STROJNIK, Sr., <br><br> Plaintiff-Appellant, <br><br> v. <br><br> ORANGEWOOD LLC, DBA DoubleTree Suites by Hilton Anaheim Resort Convention Center, <br><br> Defendant-Appellee. | No. 20-55162 <br><br> D.C. No. 8:19-cv-00946-DSF-GJS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Peter Strojnik, Sr. appeals pro se from the district court's judgment dismissing his action alleging violations of the Americans with Disabilities Act ("ADA") and state law. We have jurisdiction under 28 U.S.C. § 1291. We review

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo a district court's dismissal for lack of standing. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008). We affirm.

The district court properly dismissed Strojnik's ADA claim for lack of Article III standing because Strojnik failed to allege that the ADA barriers he identified affected him because of his disabilities. *See Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc) (an ADA plaintiff lacks standing "if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**